## J. F. KELLEY et al. v. S. T. ROBB.

### SUPREME COURT, GALVESTON TERM. 1883.

*Parol Evidence—Written Contract—"Timber" Defined.*—The pleadings having laid the proper predicate therefor, to enable the court to know in what sense the parties used certain words having no fixed legal signification, in making a written contract, inquiry can be made as to the meaning of such words used by persons in a certain business, and if the evidence shows, as in this case, that the word "timber," used in the written contract, in the community in which the contract was made and among persons engaged in the manufacture of lumber, meant only such pine timber as was suitable for the manufacture of lumber. *Held.* That the court was authorized to confine the meaning of such word to that class of "timber."

From Trinity county. Opinion by Stayton, J.

This suit was brought by Robb against Kelley and Rob-

erts to restrain them by injunction from cutting oak timber from a tract of land which Robb alleged belonged to him, and also to recover damages for timber which it was alleged they had cut prior to the institution of the suit.

The petition alleged that the plaintiff had, prior to the institution of the suit, sold to the defendant Kelley all the "said timber" on the land, and that by "said timber" at the place where the contract was made and among persons engaged in the timber business, was only meant such *pine timber* as was suitable for manufacture into lumber, and that the words were so used and understood between the plaintiff and Kelley at the time the contract was made. It was further alleged that the defendants who were engaged in the manufacture of lumber had used about all of the pine timber on the land for lumber purposes, and that they had cut and used a portion of the oak timber, and were proceeding and intending to cut and use all of that kind of timber which there was upon the land without right to do so and against the interests of the plaintiff.

It does not appear under what right Roberts was claiming the right to use timber, further than that he and Kelley were doing business under the firm name of Kelley & Roberts, from which it may be inferred that they were claiming the right to use timber under the contract between the plaintiff and Kelley. The defendants answered by a general demurrer and a general denial, but at the trial the judgment recites that they did not appear, notwithstanding which the judgment shows that the court acted on the demurrer filed. The cause was tried by the judge and a judgment was rendered, the evidence being heard, perpetuating an injunction which had been granted before the hearing and awarding to the plaintiff $180 damages for oak timber cut upon the land by the defendants.

There is no statement of facts in the record, and the assignments of error present two questions.

It is claimed that as the petition averred that the plaintiff had sold the "said timber" on the land to Kelley, the demurrer should have been sustained to the petition which sought to restain the cutting of any kind of timber on the land or to recover damages for the cutting and removal of oak timber. Neither the court below nor this court could know, judicially, what was meant by the words "said tim-

ber," and it is certainly true that the court could hear evidence, the pleadings having laid the proper foundation therefor, to enable the court to know in what sense the parties used the words in making the written contract which was alleged to have been made. It has often been held that an inquiry can be made into the meaning of words used by persons in a particular business, such words having no fixed or legal signification.

In this case, if the evidence showed that the words "said timber" in the community in which the contract was made among persons engaged in the manufacture of lumber, meant only such pine timber as was suitable for the manufacture of lumber, the court would have been authorized to find, as it did, that they so meant, and that they did not embrace any other kind of timber. The admission of such evidence, would violate no rule of evidence. In the absence of a statement of facts, we must presume that the evidence was sufficient to show that the words had only the meaning claimed for them by the plaintiff.

It is further claimed that the petition states no cause of action against Roberts. It alleges that he, in connection with Kelley, had cut and removed oak timber from the land of the plaintiff without his consent. and without authority to do so, and that he intended to continue to do so. It was not necessary for the plaintiff to state more.

If he was claiming his right through the contract made between the plaintiff and Kelley, he could have no other nor greater right than Kelley had; and if he was not claiming under that right, so far as the petition shows, he was a mere trespasser. If he had any right to use the oak timber he should have stated in his pleadings how he acquired that right and should have maintained such pleadings by proof. Having failed to do so, he cannot complain. There being no statement of facts, we presume that the evidence was sufficient to show his liability.

There being no error in the judgment, it is affirmed.